**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4808**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARIUS ABDULE WILLIAMS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, Chief District Judge. (5:05-cr-00254-FL)

———————

Submitted: December 3, 2007          Decided: January 7, 2008

———————

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Deborrah L. Newton, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darius Abdule Williams appeals his[1] 74-month sentence for conspiring in a check counterfeiting scheme, in violation of 18 U.S.C. § 371 (2000), aiding and abetting a check counterfeiting scheme, in violation of 18 U.S.C. § 513(a) (2000), and using false identification to obtain property by false pretenses, in violation of 18 U.S.C. § 1028(a)(7) (2000). Williams contends that his sentence was unreasonable and that prosecutorial misconduct interfered with his counsel's effectiveness.

We review the sentence to determine whether it is reasonable, applying an abuse of discretion standard. Gall v. United States, 552 U.S. ___, ___, 2007 WL 4292116 *7 (U.S. Dec. 10, 2007) (No. 06-7949). After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. A district court's decision to depart from the advisory guidelines is reviewed for abuse of discretion, based upon the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). Gall, 522 U.S. ___, ___ 2007 WL 4292116 *12. In reviewing a sentence outside the guidelines range, this court considers "the extent of the deviation, [and]

---

[1] We note that Williams is a male-to-female transgendered individual who has undergone hormone therapy but not gender-transformative surgery. The Government consistently refers to Williams by his birth gender; Williams consistently refers to herself by her perceived gender. For the sake of consistency, we refer to Williams by his birth gender in this opinion.

must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." <u>Id.</u> A sentence is unreasonable if the "court provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory sentence range." <u>United States v. Hernandez-Villanueva</u>, 473 F.3d 118, 123 (4th Cir. 2007) (applying rule in context of variance sentence). "The district court need not discuss each factor in § 3553(a) in checklist fashion; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir. 2006) (citation and internal quotes omitted) (variance sentence).

Relying on <u>U. S. Sentencing Guidelines Manual</u> (USSG) § 4A1.3 (2006), the district court imposed a sentence of 74 months. This is 17 months, or thirty percent, above the top of the pre-departure advisory range. According to USSG § 4A1.3, a district court may depart upward from an applicable guidelines range if "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." USSG § 4A1.3. The guideline further directs that "[i]n a case in which the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to

warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." USSG § 4A1.3(a)(4)(B).

Williams contends that the district court's upward departure was unreasonable because his criminal history consists mostly of minor offenses, other than his most recent state court convictions, which are for conduct that comprises part of the same scheme as the offenses charged in this case. Williams also argues that the departure was unreasonable because he did not receive sufficient consideration for his guilty plea and acceptance of responsibility.[2] Williams contends that the district court did not properly balance the factors in § 3553(a) and, instead, focused almost exclusively on his criminal history. Williams argues that the district court overemphasized the crimes he committed while he was using crack cocaine and suffering from mental health problems, while ignoring the probability that he will overcome his substance abuse and mental health issues through treatment while he is incarcerated.

The district court correctly found that many of Williams's prior convictions were for offenses of a similar nature

---

[2]Williams received a three-level downward adjustment for acceptance of responsibility, the greatest adjustment provided in USSG § 3E1.1

to those involved in this case, and that he has far more prior convictions than necessary to place him in Criminal History Category VI, indicating that a departure was warranted, based upon his history, because he is likely to commit other crimes in the future. Although many of Williams's prior convictions were for minor offenses, the district court found that the seriousness of Williams's offenses has escalated over time. Williams argues that his most recent state court convictions involved the same scheme as the instant case, but not that he was wrongly convicted or that they involved precisely the same conduct as the instant case.

The district court properly proceeded to move incrementally down the sentencing table to higher offense levels in Criminal History Category VI, determining that each level did not impose an adequate sentence until it reached offense level 20. See United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007). Using level 20, the court imposed a sentence of 74 months' imprisonment, near the low end of the guidelines range, based upon Williams's arguments for mitigation. The overall sentence imposed reasonably reflects Williams's extensive criminal history, composed largely of similar offenses, many of which he committed while he was on probation, which was not adequately reflected by the sentencing range available at the pre-departure offense level of 16. Although the district court did not elaborate on the § 3553(a) factors in checklist fashion, the court adequately stated that it had

considered those factors and properly explained its decision to depart upward based upon the guidelines by describing Williams's escalating history of obtaining property or services by false pretenses. Accordingly, we conclude that the district court did not abuse its discretion in imposing Williams's sentence. Gall, 522 U.S. at ___, 2007 WL 4292116, *11.

Williams argues that prosecutorial misconduct interfered with his counsel's effectiveness, because the Government refused to offer him a plea agreement or move to reduce his sentence in exchange for his cooperation with an investigation, allegedly based upon Williams's counsel's ongoing conflicts with the Government in other criminal cases. On direct appeal, this court may address a claim that counsel was ineffective only if the ineffectiveness appears conclusively on the face of the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). The record does not conclusively show that Williams received ineffective assistance of counsel or that there was any prosecutorial misconduct due to the Government's failure to reduce his sentence in exchange for his cooperation or to offer him a plea agreement. Although Williams argued at his sentencing hearing that the upward departure won by the Government should be mitigated by the Government's failure to offer him a sentence reduction in exchange for cooperation, Williams did not argue that the Government had failed to move for such a reduction in retaliation for events that took place in other

cases, or otherwise allege that the failure to move for a reduction or offer a plea agreement constituted prosecutorial misconduct. Absent evidence of prosecutorial misconduct or resulting ineffective assistance on the face of the record, we decline to consider these claims on direct appeal.

We affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED